**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RAINFREIUSDN LLC,<br>                    Plaintiff,<br>          v.<br><br>THE PARTNERSHIPS AND<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE "A,"<br><br>                    Defendants. | Civil Action No. 24-cv-11741<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

RAINFREIUSDN LLC ("Plaintiff" or "RAINFREIUSDN") brings this action

against Defendants and states as follows:

1.     This is an action for infringement of RAINFREIUSDN's federally-registered

copyrights and for passing off and unfair competition under Section 43(a) of the Lanham Act,

all arising from the Defendants' unauthorized use of RAINFREIUSDN's copyrights in

connection with the marketing, advertising, promotion, offering for sale, and/or sale of the

Defendants' gun brush rod.  These entities are trading upon RAINFREIUSDN's reputation,

goodwill and valuable copyrights and derivative copyrights by selling and/or offering for sale

their own goods by making unauthorized use of RAINFREIUSDN's copyright (collectively,

the "RAINFREIUSDN Work").  In the process, they mislead consumers into believing the

goods the Defendants sell via their various online storefronts are genuine RAINFREIUSDN

products.

2.     As demonstrated below, the Defendants create e-commerce stores on platforms

such as Amazon (the "Platforms") to advertise, offer for sale, and sell gun cleaning products

\

by making unauthorized derivative products based on the RAINFREIUSDN Work. Specifically, Defendants manufactured and sold a derivative 3-dimensional copy of the gun cleaning kit depicted in Plaintiff's Copyrighted Work.

3. In so doing, they seek to give consumers the impression that their cleaning kits are genuine RAINFREIUSDN gun cleaning kits when they are not.

4. The rapid growth of e-commerce and e-commerce platforms has facilitated online trafficking in counterfeit and pirated goods. In 2021 alone, Customs and Border Protection seized over $3.3 billion in illegitimate goods. The majority of the goods seized by CBP arrived from China and Hong Kong. By setting up deceptive storefronts on e-commerce platforms such as the Platforms here, the Defendants operate with an air of legitimacy and without any efficient or effective modes for intellectual rights holders to enforce their rights. Enforcing intellectual property rights is significantly complicated by e-commerce platforms' policies that permit sellers that have one or more storefronts closed for repeated IP infringement to operate additional stores.

5. Infringers are able to register their deceptive storefronts on e-commerce stores such as the Platforms without providing accurate and genuine identifying information. Infringers are able to sign up for storefronts on the Platforms, obscure their real identifies, and, when confronted with an enforcement attempt, avoid accountability and traceability by frequently changing names and addresses including opening new storefronts on the Platforms. (*See* Exs. D (Alibaba, Amazon, and Counterfeiting in the Age of the Internet, 40 NW. J. Int'l L. & Bus. 157, 186 (2020)) and B (Combating Trafficking in Counterfeit and Pirated Goods, US Dept. of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020).) As a result, American consumers now face a significant risk of purchasing counterfeit or pirated

\

goods over the internet that they believe are authentic goods made or sponsored by the actual intellectual property holder.

6. Accordingly, RAINFREIUSDN is forced to file this action to discover the full scope of the infringement and attempt to stop Defendants from making unauthorized use of RAINFREIUSDN's registered copyrights, and to protect unknowing consumers from purchasing such products on platforms such as Amazon. RAINFREIUSDN has been and continues to be irreparably harmed through consumer confusion, dilution, and damage to its goodwill and valuable copyrights due to Defendants' conduct. RAINFREIUSDN thus seeks injunctive and monetary relief.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets consumers in the United States, including Illinois, through at least the fully interactive commercial internet stores operating under the Defendants' online marketplace accounts (collectively, the "Defendant Internet Stores").

9. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products marketed by making unauthorized use of Plaintiff's copyrighted works. Each of the Defendants has targeted Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in

\

U.S. dollars and, on information and belief, has sold products bearing infringing versions of Plaintiff's federally registered copyrighted works to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## THE PARTIES

### *Plaintiff RAINFREIUSDN*

10. Plaintiff RAINFREIUSDN is a limited liability company organized and existing under the laws of the United States, having its principal place of business at-Jenna Marquard Sole Mbr 1240 S Fort Ave Springfield, Mo 65807. Plaintiff does business in this District through online marketplaces such as Amazon through the brand name "Buzzluxe."

11. RAINFREIUSDN offers tactical universal shooting cleaning kits and tactical gun cleaning rods, specializing in providing replacement shooting cleaning kit at affordable prices.

### *Defendants*

12. Upon information and belief, Defendants are individuals or corporate entities who reside in the People's Republic of China or have strong ties to the People's Republic of China. Upon information and belief, Defendants conduct business throughout the United States, including within Illinois and in this judicial district, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell gun cleaning kit to consumers within the United States, including Illinois and in this judicial district, by making unauthorized use of the RAINFREIUSDN Works. Upon information and belief, Defendants

\

go to great lengths to conceal their identities and the full scope of their operations making it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network.

13. The Defendants may be joined in one action because RAINFREIUSDN's right to relief in this action arises out of Defendants' infringing use of the RAINFREIUSDN Works in their product listings in the same fashion and there are common questions of law and fact due to such use.

14. Moreover, there are commonalities in Defendants' product listings which suggest some level of concerted activities.

**FACTS**

***RAINFREIUSDN and its Copyrights***

15. RAINFREIUSDN is the owner of Copyright Registration No. VA0002373877 registered on September 22, 2023.  EX. 2.

16. Plaintiff's Copyrighted Work is depicted below:



\

17.  The RAINFREIUSDN works were registered on September 22, 2023.

18. RAINFREIUSDN has expended substantial time, money and resources in developing, advertising and promoting its gun cleaning kit products, including through the use of the RAINFREIUSDN Works in commerce. Products associated with the RAINFREIUSDN Works are recognized and associated by consumers, the public and the trade as authorized by RAINFREIUSDN (the "RAINFREIUSDN Products").

19. RAINFREIUSDN uses the RAINFREIUSDN Work in commerce in association with the sale of its-gun cleaning rods:



\



***Defendants' Unlawful Activities***

20. The success of the RAINFREIUSDN Products has led to entities like the Defendants targeting consumers in the United States, including the State of Illinois, by offering to sell and, on information and belief, selling products to consumers within the United States, including the State of Illinois, using RAINFREIUSDN's intellectual property.

21. Upon information and belief, Defendants are using the RAINFREIUSDN Work without authorization as part of the advertising and product listings on Defendants' respective Amazon listings. *See* Ex. 1.

22. Through their operation of the Defendant Internet Stores, Defendants are directly and personally contributing to, inducing, and engaging in the sale of their own products by making unauthorized use of the RAINFREIUSDN Work as alleged, often times as partners, co-conspirators, and/or suppliers. Upon information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell products by making unauthorized use

\

of the RAINFREIUSDN Work.

23. Upon information and belief, at all times relevant hereto, Defendants in this action have had full knowledge of Plaintiff's ownership of the RAINFREIUSDN Work, including Plaintiff's exclusive right to use and license such intellectual property and the goodwill associated therewith.

24. The products for sale in the Defendant Internet Stores bear similarities and indicia of being related to one another, suggesting that the products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated.

25. The physical appearance of certain of the gun cleaning products offered for sale and sold by Defendants do not match the images in the advertisements for such products. As discussed above, the Defendants' advertisements include images of genuine RAINFREIUSDN gun brush rods, which images are copyrighted.

26. In addition to operating under multiple fictitious names, defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection. A 2021 U.S. Customs and Border Protection report on seizure statistics indicated that e-commerce sales accounted for 13.3% of total retail sales with second quarter of 2021 retail e-commerce sales estimated at $222.5 billion. U.S. Customs and Border Protection, Intellectual Property Right Seizure Statistics, FY 2021. In FY 2021, there were 213 million express mail shipments and 94 million international mail

\

shipments.  Nearly 90 percent of all intellectual property seizures occur in the international mail and express environments.  The overwhelming volume of small packages also makes CBP's ability to identify and interdict high risk packages difficult.

27. Defendants, without any authorization or license, have knowingly and willfully infringed the RAINFREIUSDN Works in connection with the advertisement, distribution, offering for sale, and sale of products into the United States and Illinois over the internet.

28. Each Defendant Internet Store offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has offered to sell non-genuine RAINFREIUSDN products into the United States, including Illinois.

29. Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to RAINFREIUSDN by depriving RAINFREIUSDN of its exclusive right to make and distribute copies of, publicly display, and prepare derivative works of the RAINFREIUSDN Work, and to its valuable reputation and goodwill with the consuming public for which RAINFREIUSDN has no adequate remedy at law.

30. Even though the Defendants operate under different Seller Aliases, the product listings are in many cases substantially similar and take language directly from RAINFREIUSDN's listings.

31. Upon information and belief, at all times relevant hereto, the Defendants in this action have had full knowledge of Plaintiff's ownership of the RAINFREIUSDN Work, including Plaintiff's exclusive right to use and license such intellectual property and the goodwill associated therewith.

32. Defendants often go to great lengths to conceal their identities by often using

\

multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operations, and to avoid being shut down.

**COUNT ONE**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. Section 501**

33. RAINFREIUSDN repeats and incorporates by reference the allegations set forth in the preceding paragraphs.

34. The RAINFREIUSDN Works have significant value and have been produced and created at the expense of RAINFREIUSDN.

35. At all relevant times, RAINFREIUSDN has been the holder of the pertinent exclusive rights infringed by Defendants, including but not limited to the RAINFREIUSDN Works, including the right to make and distribute copies of them, to publicly display them, and to prepare any derivative works from them. RAINFREIUSDN is the owner of Copyright Registration No. VA0002373877.

36. Each Defendant has, without the permission or consent of RAINFREIUSDN, sold products on Amazon making unauthorized use of the RAINFREIUSDN Works, and has thereby violated RAINFREIUSDN's exclusive rights of reproduction, distribution, public display and/or right to prepare derivative works. Each of Defendant's actions constitute infringement of RAINFREIUSDN's exclusive rights protected under the

\

Copyright Act (17 U.S.C. §101 et seq.).

37. The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts and have been willful, intentional, and in disregard of and with indifference to the rights of RAINFREIUSDN.

38. As a result of each Defendant's infringement of RAINFREIUSDN's exclusive rights under copyright, RAINFREIUSDN is entitled to relief pursuant to 17 U.S.C. §504.

39. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. RAINFREIUSDN has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, RAINFREIUSDN is entitled to injunctive relief prohibiting each Defendant from further infringing RAINFREIUSDN's copyrights and ordering that each Defendant destroy all unauthorized copies and remove any such unauthorized copies from their Amazon product listings.

## COUNT TWO
## PASSING OFF AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

40. RAINFREIUSDN incorporates by reference the foregoing paragraphs as through set forth fully herein.

41. In connection with the advertisement, promotion, distribution, sales and offer of sales of their products using, Defendants have passed off their products as being affiliated with RAINFREIUSDN when they are not. Indeed, while the Defendants' listings contain actual

\

copyrighted images of RAINFREIUSDN products, in some cases the products that are actually sold to consumers do not match the appearance of the brush rod images in the product listings. Thus, the product listings give the false impression to consumers that they are purchasing products that are either affiliated with RAINFREIUSDN or are equivalent to RAINFREIUSDN gun brush rod, whereas in reality they are different products in both appearance and function.

42. RAINFREIUSDN has no control over the quality of the products being offered by Defendant in association with its advertisements, and thus, Defendants' passing off confuses consumers and/or harms RAINFREIUSDN's reputation and goodwill among consumers. Thus, Defendants' passing off of their products as RAINFREIUSDN products constitutes unfair competition with RAINFREIUSDN, and, unless enjoined, will continue to cause RAINFREIUSDN immediate and irreparable damage for which it has no adequate remedy at law.

43. The aforementioned actions of Defendants were undertaken with knowledge that they were intended to cause confusion, mistake or deception, and therefore RAINFREIUSDN is entitled to recover Defendants' profits, damages sustained and the costs of this action under 15 U.S.C. § 1117. As this is an exceptional case pursuant to Section 1117(a), and Defendants' deceptive acts continue to be willful, RAINFREIUSDN is also entitled to attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, RAINFREIUSDN seeks judgement against Defendants as follows:

1. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active

\

concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a.  Using the RAINFREIUSDN Works or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine RAINFREIUSDN product or is not authorized by RAINFREIUSDN to be sold in connection with the RAINFREIUSDN Works;

    b.  Passing off, inducing, or enabling others to sell or pass off any product as a genuine RAINFREIUSDN product or any other product produced by RAINFREIUSDN that is not RAINFREIUSDN's or not produced under the authorization, control, or supervision of RAINFREIUSDN and approved by RAINFREIUSDN for sale under the RAINFREIUSDN Works;

    c.  Committing any acts calculated to cause consumers to believe that Defendants' products are sold under the authorization, control, or supervision of RAINFREIUSDN, or are sponsored by, approved by, or otherwise connected with RAINFREIUSDN;

    d.  Further infringing the RAINFREIUSDN Works and damaging RAINFREIUSDN's goodwill; and.

2.  Entry of an Order that, upon RAINFREIUSDN's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Walmart, Wish.com, Etsy, Temu, and DHgate (collectively, the "Third Party Providers") shall:

\

a. disable and cease displaying any advertisements and product listings used by or associated with Defendants in connection with the sale of goods using the RAINFREIUSDN Works or derived from the RAINFREIUSDN Works;

b. disable and cease providing services for any accounts through which Defendants engage in the advertising their products by means which reproduce the RAINFREIUSDN Works or are derived from the RAINFREIUSDN Works, including any accounts associated with Defendants;

c. take all steps necessary to prevent links to the Defendant accounts identified in Schedule A of the Complaint from displaying in search results, including, but not limited to, removing links to the Defendant accounts from any search index;

3. For Judgment in favor of RAINFREIUSDN against Defendants that they have: a) willfully infringed RAINFREIUSDN's rights in the federally registered copyrights pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of RAINFREIUSDN by Defendants' acts and conduct set forth in this Complaint;

4. For Judgment in favor of RAINFREIUSDN against Defendants for actual damages or infringers' profits pursuant to 17 U.S.C. §504, at the election of RAINFREIUSDN, in an amount to be determined at trial;

5. For Judgment in favor of against Defendants for monetary relief in the form of defendants' profits, damages sustained and costs resulting from Defendants' willful violation of 15 U.S.C. § 1125(a);

\

6.  That RAINFREIUSDN be awarded reasonable attorneys' fees and costs pursuant

    to 15 U.S.C. § 1117(a) as this is an exceptional case; and; and

7.  Award any and all other relief that this Court deems just and proper.


Date: November 14, 2024                    Respectfully submitted,

                                            _/s/ Pete Wolfgram_____
                                            Pete Wolfgram
                                            Stratum Law LLC
                                            2424 E. York St., Ste. 223
                                            Philadelphia, PA, 19125
                                            *Attorney for Plaintiff RAINFREIUSDN*

\